IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

GEORGE A. MANUEL  *
718 Fairview Avenue
Takoma Park, MD 20912  *

        Plaintiff  *

v.  *  Case No. _CAD19-12628_

SITE CENTERS CORP.  *
Formerly known as DDR CORP.
(an Ohio corporation)  *
3300 Enterprise Parkway
Beachwood, Ohio 44122  *

SERVE RESIDENT AGENT:  *
The Corporation Trust Incorporated
2405 York Road, Suite 201  *
Lutherville Timonium, Maryland 21093  *

      and  *

SHOPPERS FOOD
WAREHOUSE CORP.  *
(an Ohio corporation)
11840 Valley View Road  *
Eden Prairie, Minnesota 55344  *

SERVE RESIDENT AGENT:  *
The Corporation Trust Incorporated
2405 York Road, Suite 201  *
Lutherville Timonium, Maryland 21093  *

        Defendants  *

## COMPLAINT
(Negligence)

Plaintiff, by and through undersigned counsel, sues the Defendants and for a cause of action alleges as follows:

1

1. Plaintiff is an adult citizen of the United States and a resident of Prince George's County, Maryland.

2. Upon information and belief, Defendant Site Centers Corp. formerly known as DDR Corp. (hereinafter referred to as "Defendant Site Centers") is an Ohio corporation doing business in the State of Maryland, has caused a tortious injury from an act or omission within the State of Maryland, and owns, possesses, uses, manages and/or maintains real property within the State of Maryland at all times hereinafter mentioned.

3. Upon information and belief, Defendant Shoppers Food Warehouse Corp. (hereinafter referred to as "Defendant Shoppers") is an Ohio corporation doing business in the State of Maryland, has caused a tortious injury from an act or omission within the State of Maryland, and owns, possesses, uses, manages and/or maintains real property within the State of Maryland at all times hereinafter mentioned.

4. Upon information and belief, on or about April 13, 2016 or in the months preceding that date, Defendants Site Centers and Shoppers both had an interest in the ownership, operation, maintenance, management and upkeep of the property that is the subject of this lawsuit.

5. On or about April 13, 2016, Plaintiff was a business invitee at the shopping center known as Largo Town Center in Largo, Maryland (hereinafter known as the "Premises"), which was owned, operated, occupied, maintained and/or managed by the Defendants. While walking in the parking lot on the premises, Plaintiff's left foot and ankle were injured when his left foot went into a pothole.

2

6. Plaintiff did not contribute to the happening of the incident nor did Plaintiff assume the risk of the injuries sustained.

## COUNT I
### (Plaintiff v. Defendant Site Centers)

7. Plaintiff incorporates herein by reference the allegations contained in paragraphs one (1) through six (6) above.

8. At the time of the incident, Defendant Site Centers owed Plaintiff the duty to use ordinary care in maintaining the premises in a reasonably safe condition. This duty included, but was not limited to, inspecting, maintaining and repairing the premises. This duty further required Defendant to correct any patent and latent defects on the premises and to warn persons such as the Plaintiff of any patent and latent defects of which it was aware or of which it reasonably should have been aware through reasonable inspection and maintenance of the premises. Upon information and belief, Defendant was aware of the defective and dangerous condition present on the premises. Or, in the alternative, the Defendant would have been aware of the defective and dangerous condition had it reasonably inspected and maintained the premises.

9. Defendant breached these duties when, with actual or constructive knowledge of the dangerous and defective condition which existed on the premises, Defendant neither corrected nor warned the Plaintiff of the defective and dangerous condition.

10. As a direct and proximate consequence of Defendant's breaches of duty, Plaintiff sustained serious personal injuries which may be permanent in nature. In addition, Plaintiff endured great pain and suffering of both body and mind, nervousness and anxiety; has incurred and will continue to incur medical and out-of-pocket expenses;

3

has lost and will continue to lose time and wages from employment; and has and will be otherwise damaged in the future.

11. The Plaintiff was at all times in the exercise of due care and in no way contributed to the incident.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and individually, in an amount that exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for economic damages plus interest and costs of this action.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and individually, in an amount that exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for non-economic damages plus interest and costs of this action.

## COUNT II
(Plaintiff v. Defendant Shoppers)

12. Plaintiff incorporates herein by reference the allegations contained in paragraphs one (1) through eleven (11) above.

13. At the time of the incident, Defendant Shoppers owed Plaintiff the duty to use ordinary care in maintaining the premises in a reasonably safe condition. This duty included, but was not limited to, inspecting, maintaining and repairing the premises. This duty further required Defendant to correct any patent and latent defects on the premises and to warn persons such as the Plaintiff of any patent and latent defects of which it was aware or of which it reasonably should have been aware through reasonable inspection and maintenance of the premises. Upon information and belief, Defendant was aware of the defective and dangerous condition present on the premises. Or, in the alternative, the

Defendant would have been aware of the defective and dangerous condition had it reasonably inspected and maintained the premises.

14. Defendant breached these duties when, with actual or constructive knowledge of the dangerous and defective condition which existed on the premises, Defendant neither corrected nor warned the Plaintiff of the defective and dangerous condition.

15. As a direct and proximate consequence of Defendant's breaches of duty, Plaintiff sustained serious personal injuries which may be permanent in nature. In addition, Plaintiff endured great pain and suffering of both body and mind, nervousness and anxiety; has incurred and will continue to incur medical and out-of-pocket expenses; has lost and will continue to lose time and wages from employment; and has and will be otherwise damaged in the future.

16. The Plaintiff was at all times in the exercise of due care and in no way contributed to the incident.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and individually, in an amount that exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for economic damages plus interest and costs of this action.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and individually, in an amount that exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) for non-economic damages plus interest and costs of this action.

Respectfully submitted,

ROSENBERG, FAYNE & RADEN

By: *[signature]*
Eric F. Rosenberg
erosenberg@rosenberg-fayne.com

By: *[signature]*
Kiran Najeeb
knajeeb@rosenberg-fayne.com

5400 Kenilworth Avenue
Riverdale Park, MD 20737
Phone: (301) 864-2900
Fax: (301) 864-2903
Attorneys for the Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues herein.

*[signature]*
Eric F. Rosenberg
Attorney at Law

6